STATE OF MINNESOTA                          COUNTY OF ANOKA

DISTRICT COURT                              TENTH JUDICIAL DISTRICT


RAMSEY PREMIER PARTNERS, LLC,

                Plaintiff,          Court File No._____

v.

CENTERPOINT ENERGY RESOURCES            **COMPLAINT**
CORP., d/b/a CENTERPOINT ENERGY,

              Defendant.

---

    NOW COMES the Plaintiff, RAMSEY PREMIER PARTNERS, LLC, by and through its attorneys, FOLEY & MANSFIELD, P.L.L.P. and FISHER KANARIS, P.C. and for their Complaint, against Defendant, CENTERPOINT ENERGY RESOURCES CORP., d/b/a CENTERPOINT ENERGY, and state as follows:

### I.  PARTIES

    1.    At all times relevant herein, Plaintiff RAMSEY PREMIER PARTNERS, LLC, ("RAMSEY PREMIER") was a Minnesota corporation in the business of owning and leasing properties, including a building located at 6131 Highway 10, City of Ramsey, County of Anoka, State of Minnesota.

    2.    Defendant  CENTERPOINT  ENERGY  RESOURCES  CORP.,  d/b/a CENTERPOINT ENERGY (hereafter "CENTERPOINT") is a corporation organized and

1



existing under the laws of the State of Delaware, with headquarters located at 1111 Louisiana, City of Houston, County of Harris, State of Texas.

## II. COMPLAINT - CAUSES OF ACTION

3.      Plaintiff alleges causes of action in negligence, failure to warn, negligence per se, strict liability, and res ipsa loquitur against Defendant.

## III. FACTS

4.      At all times material herein, Defendant CENTERPOINT has been engaged in continuous and systematic business of selling and distributing natural gas in the State of Minnesota with local offices located at 800 LaSalle Avenue, City of Minneapolis, County of Hennepin, State of Minnesota.

5.      On December 28, 2004, at about 9:45 a.m., the building located at 6131 Highway 10, City of Ramsey, County of Anoka, State of Minnesota suddenly exploded, killing and injuring individuals inside and causing substantial property damage.

6.      The explosion was caused by a negligently installed, negligently inspected and negligently maintained natural gas pipeline cross-connection compression joint from which gas had been escaping for a substantial period of time.

7.      The escaped gas migrated through the soil, removing all odorant, entered the building, ignited and exploded, killing a working, single mother of two minor children. (See, Exhibit A, Pipeline Incident Report of the Minnesota Office of Pipeline Safety.)

8.      The defect in the compression joint was obvious to any reasonable inspection and should have been detected.

2

9.     Natural gas escaped over such a long period of time that it saturated the ground in the area of the building and created a white hardened soil adjacent to the leaking joint.

10.    At the time of the explosion on December 28, 2004, Defendant CENTERPOINT was the owner and operator of the defective natural gas pipeline.

11.    The natural gas pipeline was originally installed by North Central Public Service Company, a division of Dononvan Companies, an Iowa corporation, on or about May 6, 1980.

12.    North Central Public Service Company merged with MidAmerican Energy in 1986.

13.    In December 1992, Defendant CENTERPOINT purchased the natural gas pipeline servicing the area containing the commercial building that exploded from MidAmerican Energy.

14.    The pipeline facilities, gathering lines, mains, service lines and transmission lines purchased by Defendant CENTERPOINT from MidAmerican Energy are commonly referred to as the "Old Midwest Gas area" (hereinafter Old Midwest Gas area).

15.    As a result of the explosion, RAMSEY PREMIER suffered substantial property and business interruption losses in excess of $50,000.00.

## COUNT I-NEGLIGENCE

1-15.  Plaintiff repeats and realleges the allegations in paragraphs 1 through 15 of this Complaint as paragraphs 1 through 15 of Count I as if fully set forth herein.

16.    Defendant CENTERPOINT owns and is legally obligated to inspect, maintain and conduct continuous surveillance of its natural gas pipelines, including the defective joint that caused the explosion.

3

17.     Natural gas is known to Defendant CENTERPOINT to be highly explosive and combustible, capable of killing or causing serious injury to members of the public if permitted to escape from the pipelines that it constructs, inspects and maintains.

18.     Prior to its purchase of the Old Midwest Gas area from MidAmerican Energy, Defendant CENTERPOINT knew it was essential to the safety of the public that the pipeline be constructed, assembled, installed, maintained, inspected, and operated so as to prevent natural gas from escaping.

19.     Under common law and contract, Defendant CENTERPOINT assumed the liabilities of MidAmerican Energy for the Old Midwest Gas area.

20.     Before the purchase of the Old Midwest Gas area, Defendant CENTERPOINT owed a duty to the public to exercise a high degree of care to ensure that the "Old Midwest Gas" distribution system was safe.

21.     Defendant CENTERPOINT breached the duty contained in paragraph 20.

22.     After the purchase of the Old Midwest Gas area, Defendant CENTERPOINT owed a duty to exercise a high degree of care to the public to conduct continuing surveillance and inspection of its facilities, including the natural gas service line in question, and to identify and replace defective components which could cause natural gas to escape and cause injury.

23.     Defendant CENTERPOINT breached the duty contained in paragraph 22.

24.     Before Defendant CENTERPOINT purchased the Old Midwest Gas area system, CENTERPOINT had actual notice that the records concerning the system were inadequate, incomplete and defective.

4

25.     The records were so incomplete, inadequate and defective that after the explosion the gas line could not be located to stop the escaping flow of natural gas.

26.     This caused the post-explosion gas fire to rage.

27.     CENTERPOINT had to dig a thirty foot trench before it finally located the gas line two hours and forty minutes after the explosion.  (Please see Exhibit A, Pipeline Incident Report, p. 5, paragraph 5.)

28.     Defendant CENTERPOINT knowingly purchased and operated this system with inadequate, incomplete and defective records, exhibiting a deliberate, intentional and willful disregard for the rights and safety of the public, including Plaintiff RAMSEY PREMIER.

29.     The inadequate, incomplete and defective records were not the only actual notice to Defendant CENTERPOINT that the system was unsafe.

30.     Defendant CENTERPOINT also had actual notice that the Old Midwest Gas area system violated industry standards and contained substandard work including improperly assembled, mismatched fittings and joints which led to a prior explosion of a family home in Buffalo, Minnesota on February 19, 2004.

31.     This explosion took place within the "Old Midwest Gas" area eleven months before this explosion was caused by the negligent mismatching of compression joint components that resulted in a pull-out failure.

33.     The subject explosion that caused damage to RAMSEY PREMIER and others was caused by the negligent mismatching of compression joint components that resulted in a catastrophic pull-out failure.

34.     Defendant CENTERPOINT, despite actual knowledge of the inadequate, incomplete and defective records, and despite actual knowledge of the substandard work that led to the pull-out failure and explosion in Buffalo, Minnesota, deliberately disregarded such notice and knowledge.

35.     CENTERPOINT's negligence and deliberate misconduct proximately caused a catastrophic fire, thereby resulting in the damage and/or destruction of the subject location, as well as property contained therein, and interruption to the RAMSEY PREMIER's business interests.

## COUNT II-FAILURE TO WARN

1-35.   Plaintiff repeats and realleges the allegations in paragraphs 1 through 35 of this Complaint as paragraphs 1 through 35 of Count II as if fully set forth herein.

36.     Defendant CENTERPOINT failed to warn the public of the defective and hazardous condition of the pipeline.

37.     Defendant CENTERPOINT's failure to warn proximately caused a catastrophic fire, thereby resulting in the damage and/or destruction of the subject location, as well as property contained therein, and interruption to the RAMSEY PREMIER's business interests.

## COUNT III-NEGLIGENCE PER SE

1-37.   Plaintiff repeats and realleges the allegations in paragraphs 1 through 37 of this Complaint as paragraphs 1 through 37 of Count III as if fully set forth herein.

38.     Defendant CENTERPOINT violated applicable safety rules, regulations and industry safety standards.  The safety and industry standards were intended to protect members of the public and their property, including Plaintiff RAMSEY PREMIER.

6

39.     Defendant CENTERPOINT's violation of these safety rules, regulations and industry safety standards constitutes negligence per se.

40.     Defendant CENTERPOINT's negligence proximately caused a catastrophic fire, thereby resulting in the damage and/or destruction of the subject location, as well as property contained therein, and interruption to the RAMSEY PREMIER's business interests.

## COUNT IV-STRICT LIABILITY

1-40.   Plaintiff repeats and realleges the allegations in paragraphs 1 through 40 of this Complaint as paragraphs 1 through 40 of Count IV as if fully set forth herein.

41.     Gas is a highly dangerous substance.

42.     Its tendency to escape and the danger incident thereto is well known.

43.     Defendant CENTERPOINT owned and controlled the natural gas pipeline and was charged with responsibility for its inspection, maintenance and operation.

44.     Defendant CENTERPOINT is an insurer of and is strictly liable to the victims of the explosion.

45.     Defendant CENTERPOINT's conduct proximately caused a catastrophic fire, thereby resulting in the damage and/or destruction of the subject location, as well as property contained therein, and interruption to the RAMSEY PREMIER's business interests.

## COUNT V-RES IPSA LOQUITUR

1-45.   Plaintiff repeats and realleges the allegations in paragraphs 1 through 40 of this Complaint as paragraphs 1 through 45 of Count V as if fully set forth herein.

46.     Under the doctrine of res ipsa loquitur, Defendant CENTERPOINT is liable for the damages sustained by Plaintiff RAMSEY PREMIER.

WHEREFORE, Plaintiff, RAMSEY PREMIER PARTNERS LLC, requests this Honorable Court to enter judgment in its favor and against Defendant CENTERPOINT ENERGY RESOURCES CORP., d/b/a CENTERPOINT ENERGY, in a sum in excess of $50,000.00, plus court costs and any other relief this Court deems just and appropriate.

Dated: _____

FOLEY & MANSFIELD

Bradley D. Fisher
Amy M. Gelhar
250 Marquette Avenue
Minneapolis, Minnesota 55401
(612) 338-8788

Of Counsel:

Kevin M. Phillips
Stephen A. Whelan
FISHER KANARIS, P.C.
200 South Wacker Drive
22nd Floor
Chicago, Illinois 60606
(312) 474-1400

ATTORNEYS FOR PLAINTIFF RAMSEY
PREMIER PARTNERS, LLC

8